**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**DANNY O'NEAL TUBBS,**                                    **PLAINTIFF**

**V.**                                    **NO. 2:06CV172-M-B**

**DESOTO COUNTY SHERIFF'S
DEPARTMENT, et al.,**                                    **DEFENDANTS**

**<u>OPINION</u>**

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983.

*A. Dismissal for Failure to State a Claim*

The court finds that Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff complains of denial of access to a law library and that his grievances to the same effect have been ignored by Defendants.

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). A prisoner cannot prevail on an access-to-the-courts claim without proving an actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-52- 116 S.Ct. 2174-135 L.Ed.2d 606 (1996); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). Even assuming that the practice of denying access to a library is true, Plaintiff has not established prejudice or actual injury. Plaintiff has failed to "identify a 'nonfrivolous,' 'arguable' underlying claim" that he has been unable to pursue. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (quoting *Lewis*).

Thus, Plaintiff cannot maintain his claim and it shall be dismissed for failing to state a claim upon which relief can be granted and as frivolous. Dismissal on theses grounds warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or

appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

### B. *Dismissal for Failure to Comply*

Plaintiff was ordered to submit certain forms to the court. Plaintiff was warned to failure to do so by November 15, 2006, would result in dismissal of his lawsuit.

Rule 4l(b), Federal Rules of Civil Procedure, provides, *inter alia*,

> For failure of the plaintiff to prosecute or to comply with these Rules or any order of the court defendant may move for dismissal of an action or of any claim against him.

Even though the Rule speaks in terms of dismissal on motion of a defendant, it is now settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (l962); *Lopez v. Aransas County Independent School District*, 570 F.2d 54l, 544 (5 Cir. l978). Rule 4l(b) further provides, *inter alia*:

> Unless the court in its order for dismissal otherwise specifies, dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule l9, operates as an adjudication upon the merits.

Since the court has considered the merits of Plaintiff Hill's claims, the court's order of dismissal should provide that dismissal is with prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. l976).

Therefore, it is hereby

**ORDERED** that the cause be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B(i) and (ii) as frivolous and failure to state a claim, and Rule 41(b), Federal Rules of Civil Procedure, for failure to comply with an order of the court. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g). A separate order shall issue in accordance with this opinion.

THIS the 29th day of November, 2006.

        **/s/ Michael P. Mills**
        **UNITED STATES DISTRICT JUDGE**